**Dianne Crandell Kerns, Trustee**
**Office of the Chapter 13 Trustee**
Mailing Address:
7320 N. La Cholla #154-413
Tucson, AZ 85741
TELEPHONE 520.544.9094
FACSIMILE 520.544.7894
MAIL@DCKTRUSTEE.COM

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MICHAEL ESCARCEGA<br><br>JENNIFER ESCARCEGA,<br><br>Debtor(s), | In Proceedings Under Chapter 13<br><br>Case No. 4:09-bk-16064-JMM<br><br>TRUSTEE'S OBJECTION / EVALUATION RE: PLAN OF REORGANIZATION (DKT 2) |

DIANNE C. KERNS, the standing Chapter 13 Trustee, hereby objects to the proposed plan of reorganization and requests that the following matters be resolved by submitting a proposed stipulated order on confirmation (hereinafter "SOC") addressing the matters described below or by setting a hearing on the objection within 30 days of this objection/evaluation.

**\*\*\*\*\*IF YOU FAIL TO SUBMIT A <u>TIMELY</u> STIPULATED ORDER OF CONFIRMATION THAT ADDRESSES <u>ALL ISSUES RAISED IN THE TRUSTEE'S EVALUATION/OBJECTION</u> OR FAIL TO SET A HEARING ON THE OBJECTION, THE TRUSTEE WILL FILE A NOTICE OF INTENT TO DISMISS THE CASE FOR FAILURE TO CONFIRM THE PLAN\*\*\*\*\***

**Please note that it is the Attorney's responsibility to review all proofs of claim and plan objections filed with the court and resolve any discrepancies between the claims and the Plan prior to submitting a SOC to the Trustee.**

A. <u>Plan Payments</u>. The plan proposes payments of $3560.33 per month, commencing in August, 2009, for a period of 60 months. The debtors have made payments in the total amount of $21,236.98. The debtors are current on these payments through January, 2010. The Trustee will not stipulate to confirmation unless the plan payments are current.

B. <u>Plan Duration</u>. In the event that other property is submitted to the Trustee by the Debtors it shall be treated as advance plan payments. Any Order Confirming the Plan must include the provisions that in no event will the duration of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

C. <u>Proofs of Claims</u>. Prior to submitting a proposed SOC to the Trustee, counsel must review all proofs of claims filed with the court and resolve discrepancies, if any, regardless of whether an objection to confirmation has been filed. This can be done either by obtaining the creditor's stipulation to confirmation or filing an objection to the proof of claim and obtaining a court ruling thereon. To date the Trustee has noted that the following creditors have filed proofs of claims that differ from the treatment proposed in the Chapter 13 Plan: COMPASS BANK, USAA, GMAC and PIMA COUNTY ATTORNEY'S OFFICE. The following creditors listed in the Plan have not filed proofs of claims: NONE.

D. <u>Objections to Confirmation</u>. The debtors shall resolve plan objections by submitting a proposed SOC to the Trustee or by setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>. If the debtor wishes to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to the Trustee. If the resolution of the objection requires changes which have an adverse impact on any other

creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date the Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: PIMA COUNTY ATTORNEY'S OFFICE.

  E. <u>Calculation of Disposable Income</u>. The Trustee objects to the plan pursuant to 11 U.S.C. §1325(b) because the debtors have not proposed to pay all of their disposable income. Specifically, the Trustee objects to the following items on Schedule J as not being reasonably necessary for the maintenance or support of the debtors or a dependent of the debtors.

  F. <u>Compass Bank Proof of Claim 6</u>. The Trustee notes that the creditor has filed a secured proof of claim in the amount of $42,111.75 for the Debtors 2008 Dodge Ram, and the Debtors plan purposes to pay $43,434.00 plus 6% interest. The Trustee requests that the Debtors Attorney address this matter.

  G. <u>USAA Proof of Claim 9</u>. The Trustee notes that the creditor has filed a secured proof of claim in the amount of $18,052.84 for the Debtors 2006 Nissan Maxima, and the Debtors plan purposes to pay $18,932.00 plus 6% interest. The Trustee requests that the Debtors Attorney address this matter.

  H. <u>GMAC Proof of Claim 12</u>. The Trustee notes that the creditor has filed a secured proof of claim for home arrearages of $2779.54 and the Debtors plan purposes to pay $2479.54 in home arrearages. The Trustee requests that the Debtors Attorney address this matter.

  I. <u>16% Interest on Property Taxes</u>. The Trustee notes that the Debtors Attorney purposes to pay Pima County for Debtors property taxes, and has not included the 16% interest that is entitled to property taxes. 11 U.S.C. §511.

  J. <u>Pima County Proof of Claim 2</u>. The Trustee notes that the creditor has filed a secured proof of claim in the amount of $2,769.94 for estimated 2009 property tax. The Trustees office has been in contact with the creditor to request an amendment to the proof of claim. The Trustee requests that the Debtors Attorney follow up to insure the claim is amended

appropriately.

K.   Adequate Protection Payment.  The Trustee is advising the debtors Attorney to file notice for the Adequate Protection Payment to Compass Bank in the amount of $434.34 and to USAA in the amount of $189.32.  The Trustee notes that the creditors have filed a Proofs of Claims.

L.   Additional Issues.  The Trustee notes that the Debtors indicated at their 341 Hearing that they have a personal injury lawsuit against Ace Hardware and requests the status.

M.   E-Trade.  The Trustee notes that the Debtors Attorney has filed an Adversary Proceeding in an attempt to Stripe the Lien held by E-Trade and requests the status.

N.   Plan Feasibility.  Pursuant to the Trustee's calculations, the Chapter 13 Plan is not feasible at this time, because it does not comply with 11 U.S.C.§1325(b)(1)(B).  According to the debtors' Form B22C, the disposable income of $603.15, multiplied by 60 months, results in a dividend to unsecured creditors of $36,189.00. Pursuant to the Trustee's calculations, the dividend to unsecured creditors is $27,447.13. However, the Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claims once the claims bar date has passed in this case.

O.   Submission of Proposed SOC.  If the debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit.  The Notice, SOC, and filing receipt may then be transmitted to the Trustee via electronic mail (mail@dcktrustee.com) or first class mail.  The Trustee will not review a proposed SOC if it does not appear on the court's docket.

RESPECTFULLY SUBMITTED this 26th day of January, 2010.

| | |
|---|---|
| 1 | |
| 2 | OFFICE OF THE CHAPTER 13 TRUSTEE<br>7320 N. La Cholla #154-413<br>Tucson, AZ  85741 |
| 3 | |
| 4 | |
| 5 | By /s/  DCK 011557<br>    Dianne C. Kerns, Chapter 13 Trustee |

6

7  A copy of the foregoing filed was with the
United States Bankruptcy Court and

8  a copy together with a receipt of filing
transmitted via electronic or first class

9  mail this 1/26/2010 to:

10 MICHAEL ESCARCEGA
JENNIFER ESCARCEGA

11 7680 S. PACIFIC WILLOW DRIVE
TUCSON, AZ 85747

12 Debtors

13 KATHRYN L JOHNSON
LAW OFFICE OF KATHRYN L JOHNSON, PLC

14 2 E CONGRESS ST, STE 900
TUCSON, AZ 85701

15 Attorney for Debtors

16

17

18 By: SA

19

20

21

22

23

24

25

26