Law Office of Kathryn L. Johnson, PLC
Kathryn L. Johnson, Esq.
State Bar No. 019150/PCC No. 66037
4337 E. Fifth Street
Tucson, AZ 85711
(520) 743-2257; (520) 743-2231 (fax)
Email: kjohnsonjd@aol.com

Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In Re:

MICHAEL ESCARCEGA,
JENNIFER ESCARCEGA,

Debtor[s].

In Proceeding Under Chapter 13
Case No. 4:09-bk-16064-JMM

NOTICE OF LODGING PROPOSED AMENDED ORDER CONFIRMING PLAN [to clarify ongoing mortgage payment and satisfaction of Pima County tax claims]

PLEASE TAKE NOTICE that on this date, Debtors submitted a Proposed Amended Order Conforming Plan [to clarify ongonig mortgage payment and satisfaction of Pima County tax claims], a copy of which is attached hereto.

DATED this 7th day of February, 2011.

LAW OFFICE OF KATHRYN L. JOHNSON, PLC

By: /s/Kathryn L. Johnson
Kathryn L. Johnson

Copy of the foregoing mailed this
this 7th day of February, 2011 to:

Dianne Kerns, Trustee
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741

/s/Alma A. Duarte
Alma A. Duarte

Kathryn L. Johnson (#19150)
Law Office of Kathryn L. Johnson, PLC
2 E. Congress Street, Suite 900
Tucson, AZ 85701
(520) 743-2257; (520) 743-2231 facsimile

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In Re:

MICHAEL ESCARCEGA,
JENNIFER ESCARCEGA,

Debtors.

In Proceedings Under Chapter 13

Case No. 4:09-bk-16064-JMM

AMENDED ORDER CONFIRMING PLAN [to clarify ongoing mortgage payment and satisfaction of Pima County tax claims]

The Plan having been properly noticed out to creditors and no objections having been filed, and the Debtors and GMAC having resolved additional issues regarding a mortgage payment change, and payment of Pima County tax claims,

IT IS ORDERED Confirming the Plan of Debtor as follows:

1. **INCOME SUBMITTED TO THE PLAN:** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    A. <u>FUTURE EARNINGS OR INCOME:</u>

    Debtor shall make the following monthly Plan Payments:

    | MONTHS | PAYMENTS |
    |---|---|
    | 1-6 | $3,560.33 starting 8/09 |
    | 7-12 | $3,515.00 starting 2/10 |
    | 13 | $3,314.43 starting 8/10 |
    | 14-18 | $3,516.00 starting 9/10 |
    | 19-60 | $3,620.00 starting 2/11 |

The payments are due on or before the 13th day of each month, commencing 8/13/09. This amount includes the regular monthly post-petition payments, which as of 2/11 is $1,686.68, which consists of the following:

| | | |
|---|---|---:|
| | Principal and interest | $1,114.34 |
| | Escrow | 259.06 |
| | Shortage | 313.28 |
| | Total | $1,686.68 |

subject to change as the mortgage payment changes throughout the plan.

Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

The debtor shall provide directly to the Trustee copies of his federal and state income tax returns for the years 2009, 2010, 2011, 2012, and 2013 within 30 days of filing. The purpose is to assist the Trustee in determining any change in the debtor's annual disposable income.

B. OTHER PROPERTY:

In the event that other property is submitted, it shall be treated as supplemental payments. In no event shall the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2. **DURATION OF THE PLAN**:

The Plan shall continue for 60 months from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of this period all allowed claims are paid, the Plan will terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.**

2

A.  ADMINISTRATIVE EXPENSES.

The Trustee shall receive such percentage fee of Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. §586(e), but not to exceed 10%.

Attorney Fees:

The Debtor's counsel will be paid an administrative expense of $2,000.00 from the Trustee prior to any other claims being paid.

B.  CLAIMS SECURED BY REAL PROPERTY.

GMAC Mortgage will receive $2,779.54 for pre-petition arrears on the property located at 7680 S. Pacific Willow Drive, Tucson, AZ 85747 through the life of the plan pursuant to their proof of claim filed September 11, 2009. The Chapter 13 trustee will also make the regular post-petition monthly mortgage payments to GMAC Mortgage, which as of 2/11 is $1,686.68 per month on the property located at 7680 S. Pacific Willow Drive, Tucson, AZ 85747.

E-Trade held a Home Equity Line of Credit on the property located at 7680 S. Pacific Willow Drive, Tucson, AZ 85747. On July 22, 2009, Debtors opened an adversary case in order to determine the validity of the lien. E-Trade has since stipulated to the avoidance of E-Trade's second deed of trust on the property located at 7680 S. Pacific Willow Drive, contingent upon the completion of the Chapter 13 case.

Pima County has filed a claim in the amount of $2,622.99 for the 2009 property taxes on the property located at 7680 S. Pacific Willow Drive, Tucson, AZ 85747, but was paid these taxes by GMAC through the mortgage payment. (The claim was satisfied in full.) Therefore, Pima County will not be paid any additional money through the Chapter 13 plan for the 2009 property taxes.

Pima County has filed a claim in the amount of $1,309.42 for the

3

2008 property taxes on the property located at 7680 S. Pacific Willow Drive, Tucson, AZ 85747, but was paid these taxes by GMAC through the mortgage payment. (The claim was satisfied in full.) Therefore Pima County will be not be paid any additional money through the Chapter 13 plan for the 2008 property taxes.

Pima County was also paid by the Chapter 13 Trustee the amount of $152.20 on 12/1/2010 and $53.66 on 1/3/11, plus any additional payments by the Chapter 13 Trustee until the date this order is signed. Pima County will refund these amounts to the Chapter 13 Trustee, rather than credit it against future property taxes. Pima County agrees to accept ongoing property tax payments from GMAC for the remainder of the Chapter 13 Plan.

Pima County has objected to the Chapter 13 Plan due to the valuation used in the Plan on the property. This valuation was solely for the purpose of the bankruptcy and in no way objecting to the valuation the assessor's office has used for the tax valuation. The valuation was taken from the average comparable houses around the Debtors' property and valuations from Zillow.com and Cyberhomes.com. Pima County hereby agrees by signature below that they agree to their treatment in this Plan and will not object further to the confirmation.

C. CLAIMS SECURED BY PERSONAL PROPERTY.

Compass Bank, secured by a 2008 Dodge Ram Truck, filed a proof of claim in the amount of $42,111.75 for their secured portion of the loan on 7/24/09. Compass Bank, having not filed an objection to the Plan shall be paid pro rata as a secured creditor in the amount of $42,111.75 at a rate of 6% pursuant to the Plan. If claim is paid in full prior to plan completion, creditor shall release its security interest in the property described above. Compass Bank shall receive adequate protection

4

payments in the amount of $434.34 per month beginning with the first monthly payment due under the Plan. Adequate protection payments shall cease when Compass Bank begins receiving regular disbursements under the Plan.

USAA Savings Bank, secured by a 2006 Nissan Maxima, filed a proof of claim in the amount of $18,052.84 for their secured portion of the loan on 8/24/09. USAA Savings Bank, having not filed an objection to the Plan shall be paid pro rata as a secured creditor in the amount of $18,052.84 at a rate of 6% pursuant to the Plan. If claim is paid in full prior to plan completion, creditor shall release its security interest in the property described above. USAA Savings Bank shall receive adequate protection payments in the amount of $189.32 per month beginning with the first monthly payment due under the Plan. Adequate protection payments shall cease when USAA Savings Bank begins receiving regular disbursements under the Plan.

D. PRIORITY CLAIMS.

None.

E. PROPERTY TO BE SURRENDERED.

None.

F. UNSECURED CLAIMS:

Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. §1328(a).

4. The plan and this Order shall not constitute an informal proof of claim for any creditor.

5. By executing below, Debtors hereby certify that they are current on all tax return filings and domestic support orders, if applicable, per the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

5

6. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of the order. Property of the estate shall vest in the Debtor herewith.

APPROVED AS TO FORM AND CONTENT:

/s/ Michael Escarcega
Michael Escarcega, Debtor

1/31/11
Date

/s/ Jennifer Escarcega
Jennifer Escarcega, Debtor

1/31/11
Date

/s/ Kathryn Johnson
Attorney for Debtors

1/31/11
Date


Dianne C. Kerns
Chapter 13 Trustee

Date

Pite Duncan LLP

Kyle Shelton
Attorney for GMAC
2/7/11
Date


Karen Friar
Pima County Attorney's Office

Date

6

6  **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of the order. Property of the estate shall vest in the Debtor herewith.

APPROVED AS TO FORM AND CONTENT:

/s/ Michael Escarcega
Michael Escarcega, Debtor

1/31/11
Date

/s/ Jennifer Escarcega
Jennifer Escarcega, Debtor

1/31/11
Date

/s/ Kathryn Johnson
Attorney for Debtors

1/31/11
Date


Dianne C. Kerns
Chapter 13 Trustee

_____
Date

Pite Duncan LLP

_____
Kyle Shelton
Attorney for GMAC

_____
Date

_Karen G. Friar_
Karen Friar
Pima County Attorney's Office

_____
Date